UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIAM BRETT WHITFORD, JACQUELINE MARIE COSTA, | Case No. 3:24-cv-00590-MMD-CSD |
| Plaintiffs, | ORDER |
| v. | |
| WASHOE COUNTY SHERIFF, | |
| Defendant. | |

*Pro se* Plaintiff William Brett Whitford brings this case on behalf on himself and Plaintiff Jacqueline Marie Costa. (ECF No. 1-1.) Costa did not sign either the application to proceed *in forma pauperis* or the Complaint. (ECF Nos. 1, 1-1.) Whitford signed the Complaint on behalf of himself and Costa's. (ECF No. 1-1 at 2.) *Pro se* litigants have no authority to represent anyone other than themselves. *See Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). Furthermore, a *pro se* plaintiff, such as Costa, must personally sign any pleading. *See* Fed. R. Civ. P. 11(a). Thus, Whitford cannot bring any claims or sign any documents on Costa's behalf. Costa must bring any claims on her own and personally sign any documents that she submits to the Court.

In addition, an initial review of the Complaint demonstrates that Whitford's claims and Costa's claims are not properly joined in a single action. The Complaint that Whitford filed alleges that deputies of Washoe County engaged in the following conduct: broke into Whitford's residence without warning and without providing a warrant; arrested a naked Costa, who is blind, and brought her to jail; mistreated Costa in various ways while she was in jail, including allowing her to walk into obstacles and fall down the stairs; damaged

Whitford's property; and failed to secure Whitford's residence after the arrest, leading to the residence being burglarized after they left. (ECF No. 1-1 at 1-2.)

Under the Federal Rules of Civil Procedure, two plaintiffs may join in one action if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a). The Complaint does not clearly state what claims either Plaintiff is bringing, but it does not appear that Whitford and Costa are asserting any right to relief jointly, severally, or in the alternative. Rather, it appears that Whitford brings claims regarding damage to his property, and Costa's claims arise out of her arrest and incarceration. Moreover, because these claims are not related, there will not be any question of law or fact common to both plaintiffs. Whether or not Whitford's property was damaged or properly secured is not relevant to Costa's claims regarding her arrest and incarceration, and Costa's treatment during her arrest and incarceration is not relevant to Whitford's claims regarding his property.

The Court dismisses the Complaint without prejudice and with leave to amend because it brings improperly joined claims. The Court also dismisses Costa from the entirety of the case without prejudice because her claims are not properly joined in a single action with Whitford's claims. Whitford may pursue his own claims in this case by filing a first amended complaint. The Court defers consideration of Whitford's application to proceed *in forma pauperis* until after he files any first amended complaint.

If Costa wishes to pursue her claims, she may initiate a separate case bringing those claims. Costa must file her own complaint, her own application to proceed *in forma pauperis*, and personally sign each document that she files with the court.

It is therefore ordered that a decision on Plaintiff Whitford's application to proceed *in forma pauperis* (ECF No. 1) is deferred.

It is further ordered that the Clerk of the Court file the complaint (ECF No. 1-1).

///

1       It is further ordered that the Complaint (ECF No. 1-1) is dismissed in its entirety
2  without prejudice for bringing improperly joined claims.
3       It is further ordered that Plaintiff Jacqueline Marie Costa is dismissed from this
4  case without prejudice.
5       It is further ordered that, if Plaintiff Whitford chooses to file an amended complaint
6  in this case, He must file the amended complaint within 30 days from the date of entry of
7  this order.
8       It is further ordered that, if Plaintiff Whitford fails to timely file an amended
9  complaint, the Court will dismiss this action without prejudice.
10      DATED THIS 16th Day of January 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE